# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LESLIE JONES,

        Petitioner,        Case No. 2:08-cv-13388

v.        HONORABLE STEPHEN J. MURPHY, III

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** (docket no. 18) **AND DENYING PETITIONER'S MOTIONS** (docket nos. 22, 24, 26-28, & 30)

    Petitioner Leslie Jones has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jones, currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, challenges his conviction for arson of a dwelling house. Respondent has filed a Motion to Dismiss on the ground that Petitioner has not exhausted his state court remedies.

## I.

    Jones pleaded guilty in Wayne County Circuit Court to arson of a dwelling house. On July 13, 1999, he was sentenced to 18 months to 20 years' imprisonment.

    State appellate counsel was appointed to represent Jones on appeal. Several months later, appointed counsel filed a Motion to Vacate Order of Appointment, stating that she met with Jones twice and that he stated he did not wish to pursue an appeal. The trial court granted the motion. *People v. Jones*, No. 99-2479-01 (Wayne County Circuit Court July 28, 2000). Petitioner did not file an appeal in the Michigan Court of Appeals. *See* Affidavit of Sandra Schultz Mengel, Chief Clerk, Michigan Court of Appeals, Sept. 4, 2008.

Petitioner filed the pending petition for a writ of habeas corpus on July 29, 2008. He claims that his guilty plea was entered without his consent, appellate counsel acted without his consent in indicating that he did not want to pursue an appeal, the prosecution failed to disclose exculpatory evidence, and the arrest warrant was not supported by probable cause.

## II.

Respondent has filed a Motion to Dismiss on the ground that Jones has not exhausted his state court remedies with respect to any of the claims raised in his petition.

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). The petitioner bears the burden of showing that state court remedies have been exhausted. *Id.* at 1420, n.3. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See*

*Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)

Jones has failed to present the claims raised in his habeas petition to any Michigan state court. Therefore, he has not exhausted his state court remedies. The Michigan Court Rules provide a process through which Jones may raise his unexhausted claims. Jones can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claims. Jones may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). He would, however, have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Jones's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Jones

filed his petition, July 29, 2008, until he returns to federal court. This tolling of the limitations period is conditioned upon Jones "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718. At this time, the Court makes no finding regarding the timeliness of this petition.

### III.

Jones also has filed several motions. First, Jones filed a "Motion Under the Federal Rules of Civil Procedure Rule 45" in which he seeks to review documents "which will assist in the evidence and provide proof that certain documentation has the look of being tampered." Petitioner's Motion at 1. The nature of the documents Jones wishes to review and how such review is relevant to any of the claims asserted in his habeas petition is unclear. In addition, the Court has determined that the petition contains only unexhausted claims and will be dismissed. Therefore, the motion will be denied.

Jones has filed three motions entitled "Motion and Order to Show Cause," requesting the Court direct three individuals to show cause why they have not responded to subpoenas issued by the Court. He provides no documentation to show that any subpoenas were issued or properly served. The motions will be denied.

Jones has also filed a "Motion to Enlarge Response Time" seeking an additional 75 days to gather exculpatory evidence and to obtain transcripts from which he hopes to gather facts supporting his claims. As noted, Jones' claims are unexhausted and the merits of his claims will not, at this time, be addressed by this Court. The motion, therefore, will be denied.

Finally, Jones has filed a "Motion for Release on Conditional Personal

Recognizance." Jones argues that because he has a substantial likelihood of success on the merits, he should be released pending final disposition of his petition. Because the Court is dismissing the petition, the Motion will be denied as moot. Moreover, the Court is not persuaded that any extraordinary and exceptional circumstances warrant Petitioner's release on bond. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (holding that, because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case"); *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (holding that to warrant release on bond, a habeas petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice").

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Respondent's Motion to Dismiss (docket no. 18) is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from July 29, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

**IT IS FURTHER ORDERED** that Petitioner's Motion Under the Federal Rules of Civil Procedure 45 (docket no. 24), Motions and Order to Show Cause (docket nos. 26, 27, & 28), Motion to Enlarge Response Time (docket no. 22), and Motion for Release on Conditional Personal Recognizance (docket no. 30) are **DENIED**.

**SO ORDERED**.

                    s/Stephen J. Murphy, III
                    STEPHEN J. MURPHY, III
                    United States District Judge

Dated: September 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2009, by electronic and/or ordinary mail.

                    s/Alissa Greer
                    Case Manager